**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>GEORGE ARSENIS,<br><br>Defendant. | Civil Action No. 24-1097 (GC)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

This matter comes before the Court upon its *sua sponte* examination of its subject-matter jurisdiction, under 28 U.S.C. § 1447(c) and Federal Rule of Civil Procedure (Rule) 12(h)(3), over pro se Defendant George Arsenis's removal of a debt collection action from New Jersey Superior Court, Somerset County, to federal court. (ECF No. 1.)

Arsenis previously attempted to remove the same state debt collection action to this Court in *Portfolio Recovery Associates, LLC v. Arsenis*, Civ. No. 22-2264. There, the Court ordered Arsenis to show cause as to why the matter should not be dismissed for lack of subject matter jurisdiction. (Order, *Arsenis*, Civ No. 22-2264 (D.N.J. Aug. 18, 2022), ECF No. 6 at 2.) Arsenis argued that a federal question existed because Plaintiff, a debt collector, allegedly violated various federal laws and Arsenis's rights under the Fourth Amendment to the United States Constitution. (*Id.* at 3.) The Court found that Arsenis had not demonstrated that the Court could properly exercise subject matter jurisdiction over the state debt collection proceeding. (*Id.* at 5-6.) The Court remanded the matter on August 18, 2022. (*Id.*)

On February 22, 2024, the present case was opened upon Arsenis's filing of a second notice of removal, attempting to remove the same state debt collection action that the Court had remanded on August 18, 2022. (ECF No. 1; ECF No. 5 at 6.) On February 27, this Court issued an order to show cause as to why this case should not be dismissed for a lack of subject matter jurisdiction. (ECF No. 3.) In response, Arsenis cites 28 U.S.C. § 1443(1), arguing that Plaintiff's actions and rulings in the state court proceeding violate Arsenis's "rights to due process and fair adjudication." (ECF No. 4 at 1, 3.)

The Court must construe a pro se pleading liberally and "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). But the Court need not credit bald assertions or legal conclusions, *id.*, and a pleading is frivolous if it lacks an arguable basis in law or fact or contains "inarguable legal conclusion[s]," *Neitzke v. Williams,* 490 U.S. 319, 325, 328 (1989).

Section 1443(1)[1] authorizes removal of a state action when a defendant "is being deprived of rights guaranteed by a federal law 'providing for . . . equal civil rights' and cannot enforce those rights in state court." *Wilmington Sav. Fund Soc'y v. Velardi*, 803 F. App'x 572, 573 (3d Cir. 2020) (quoting *Davis v. Glanton*, 107 F.3d 1044, 1047 (3d Cir. 1997)). Here, without alleging specific facts, Arsenis asserts that Plaintiff has "misrepresented facts and circumstances surrounding the initiation of this legal action," which "undermines the integrity of the state court proceedings and violates" Arsenis's "rights to due process and fair adjudication." (ECF No. 4 at

---

[1] Section 1443(2), which permits removal where a civil action has been initiated against a defendant "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law," is inapplicable here.

1.) But as pled, Arsenis's assertions do not imply a violation of rights guaranteed by a federal law providing for equal civil rights, as they must for purposes of § 1443(1). *See State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966) (construing "equal civil rights" to mean federal laws that specifically guarantee racial equality); *St. James Assocs. v. Larsen*, 67 F. App'x 684, 686 (3d Cir. 2003) (explaining that the defendant's claim under the Equal Protection Clause failed to demonstrate removal under § 1443 because it does not include specific language of racial equality). Thus, removal under §1443(1) is improper even if the Court were to credit Arsenis's bald assertions of fact as true.

Nor do Arsenis's pleadings suggest that New Jersey's courts are incapable of protecting Arsenis's rights to equal treatment. *See, e.g., Brown v. Moore*, 366 F. App'x 327, 329 (3d Cir. 2010) (rejecting propriety of removal that was based on unsubstantiated allegations that presiding state court judge was biased and noting that defendant "alleged nothing that cannot be redressed if appropriate with the state court system itself"). Arsenis has provided no factual basis to support his claim that Plaintiff has engaged in "coercive tactics" that have "rendered the state court proceedings fundamentally unfair." (ECF No. 4 at 2.)

Finally, Arsenis has not demonstrated that this matter falls within this Court's original jurisdiction, as required by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Arsenis has not shown that the original Complaint references any federal cause of action, and "[a] defense that raises a federal question is

3

inadequate to confer federal jurisdiction," *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citing *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149 (1908)), as is a counterclaim, *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (noting that the assertion of a counterclaim is "irrelevant to whether the district court had 'original jurisdiction' over the civil action"). Nor has Arsenis demonstrated that this state debt collection proceeding falls into the "'special and small category of cases' that depend 'on resolution of a substantial question of federal law.'" *See Pajela v. Prince*, Civ. No. 22-552, 2022 WL 538545, at *2 (D.N.J. Feb. 22, 2022) (*sua sponte* remanding state collection proceeding where the complaint for unpaid rent included a notice required by the Fair Debt Collection Practices Act, but did not assert a claim under the FDCPA); *US Bank Nat'l Ass'n as Tr. for Truman 2016 SC6 Title Tr. v. Souza*, Civ. No. 18-12131, 2018 WL 6072240, at *3 (D.N.J. Nov. 2, 2018), *report and recommendation adopted*, 2018 WL 6069159 (D.N.J. Nov. 20, 2018) (rejecting defendants' attempt to remove state mortgage foreclosure proceeding based on FDCPA counter-claim). And although Arsenis claims that since this Court's August 18, 2022 Order, "significant developments have occurred" and "[n]ew evidence has emerged that underscores the presence of federal jurisdiction over the matter," Arsenis provides no factual basis for this claim or to cure the deficiencies identified in the Court's previous Order. (ECF No. 5 at 8; Order, *Arsenis*, Civ No. 22-2264 (D.N.J. Aug. 18, 2022), ECF No. 6.)

For the reasons set forth above, and other good cause shown,

**IT IS** on this 17th day of April 2024, **ORDERED** as follows:

1. This case is **REMANDED** to the New Jersey Superior Court, Somerset County.
2. The Clerk's Office is directed to transmit to the New Jersey Superior Court, Somerset County a letter enclosing a certified copy of this Memorandum Order.

3. The Clerk's Office is directed to mail Defendant a copy of this Memorandum Order.

4. The Clerk's Office is directed to **CLOSE** this matter once the letter of remand has been transmitted.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**